Additional considerations cement the instant allegations within the range of conduct proscribed by federal law after McDonnell . Drafting legislation lies at the very heart of a legislator's official purpose. A draft bill is therefore distinct from other conduct based merely on a legislator's privileged access or administrative perqs, which alone do not make conduct "official" under 18 U.S.C. § 201(a)(3). See McDonnell , 136 S.Ct. at 2368 ; United States v. Silver , 864 F.3d 102, 120 (2d Cir. 2017) (use of official letterhead insufficient under McDonnell ); Valdes, 475 F.3d at 1329-30. This confluence of action and core authority, or purpose, also contrasts with Governor McDonnell's own testimony that he "ha[d] limited decision-making power in this area." 136 S.Ct. at 2363.
Accordingly, Defendant's Motion to Dismiss Count Four (Honest Services Wire Fraud) (ECF No. 58) is DENIED.
III. Motion to Dismiss Counts Five through Nine (Travel Act Counts)
The second pending motion is the Defendant's Motion to Dismiss Counts Five through Nine (Travel Act Counts) in which the Defendant claims (a) that those five counts fail to state an offense and (b) that the underlying Maryland bribery statute is unconstitutionally vague. (ECF No. 57.)
A. Sufficiency of the Superseding Indictment
The relevant parts of the Travel Act, found at 18 U.S.C. § 1952, provide three elements for establishing a violation of the act:
(1) Use [of] the mail or any facility in interstate or foreign commerce
(2) With intent to... otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity; and
(3) Thereafter perfor[mance] ... [of] an act [to otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity].
18 U.S.C. § 1952(a). The statute provides that "unlawful activity" includes "extortion, bribery, or arson in violation of the laws of the State in which committed or of the United States." 18 U.S.C. § 1952(b). The operative Superseding Indictment in this case identifies bribery under Maryland law, specifically Maryland Code, Criminal Law § 9-201, as the "unlawful activity" sustaining the Travel Act counts. The relevant part of the Maryland bribery statute provides that "[a] public employee may not demand or receive a bribe, fee, reward, or testimonial to ... influence the performance of the official duties of the public employee." Md. Code, Criminal Law § 9-201(c).
The principal case setting the contours of "official duties" under Maryland's bribery statute is Thomas v. State of Maryland , 183 Md.App. 152, 960 A.2d 666 (Md. Ct. Sp. App. 2008). In that case, the Maryland Court of Special Appeals held that a "public employee violates the provision of the bribery statute by demanding or receiving a bribe to influence the employee's performance of duties that are either expressly authorized, e.g., by statute, rule, or regulation, or implicitly authorized." Id. at 675 (emphases in original).
Echoing his Motion to Dismiss Count Four, Senator Oaks first asserts that the Superseding Indictment lacks the requisite facts, (ECF No. 57 at 4 (citing *729 United States v. Palin, 874 F.3d 418, 424 (4th Cir. 2017) ). Specifically, he notes that "[n]owhere in the [I]ndictment is there any mention of an official duty-express or implied-that Senator Oaks performed or agreed to perform in exchange for a bribe." (Id. ) The Defendant also argues that federal bribery law, including McDonnell and his interpretation thereof (see supra ), should constrain the scope of "official duties" under Maryland's bribery statute. (Id. 9-12 (citing Richardson v. State, 63 Md.App. 324, 492 A.2d 932, 936 (1985) ; Kable v. State, 17 Md.App. 16, 299 A.2d 493, 496-97 (1973) ; and this Court's previous opinion in United States v. Currie , No. CRIM. RDB-10-0532, 2011 WL 3439942, at *5 (D. Md. Aug. 5, 2011) ). Oaks essentially contends that the Government's view of "official duties" under Maryland law conflicts with the Supreme Court's recent holding in McDonnell that an official's authority-whether explicit or implied-is not alone sufficient to establish an "official act." See McDonnell, 136 S.Ct. at 2370 (clarifying that conduct under customary authority, as seen in United States v. Birdsall, 233 U.S. 223, 230-31, 34 S.Ct. 512, 58 L.Ed. 930 (1914) ), must still satisfy the "decision or action" requirement of McDonnell ).
The Government responds that Defendant's request for a draft bond bill constitutes the performance of an expressly authorized duty. Specifically, the "Guidelines for the Submission of Individual Bond Bill Requests to the Maryland General Assembly" state that "organizations seeking funding must contact a senator and a delegate to sponsor a bond bill that requests funding for their project" and "the sponsors will request that the bill be drafted by DLS." (Gov't Resp. 9-10, ECF No. 70 (quoting Office of Policy Analysis, Dep't of Legis. Serv., Guidelines for the Submission of Individual Bond Bill Requests to the Maryland General Assembly [3, 6] (Nov. 2015) ).) The Government also notes that the Court of Special Appeals of Maryland held in Richardson v. State , 63 Md.App. 324, 492 A.2d 932 (Md. Ct. Spec. App. 1985) that the conduct need only "bear some relation to his official duties." 492 A.2d at 937. However, the parties agree that this Court should once again look to McDonnell for guidance in determining the proper scope of "the performance of official duties" under Maryland bribery law.
The Superseding Indictment alleges that the Defendant "would receive and agreed to receive cash bribe payments in order to influence the performance of his official duties" (ECF No. 31 at 9), which tracks the statutory language of § 9-201(c). Accordingly, this Court once again proceeds to the question of whether, as a matter of law, the draft bond bill falls within the Defendant's "official duties." Md. Code, Criminal Law § 9-201(c).
The Defendant again argues that the Court of Special Appeals' decision in Richardson , which reaches any conduct that "bears some relation to his official duties," 492 A.2d at 937, is at odds with McDonnell 's holding that official meetings, calls, and events-without more-do not suffice, 136 S.Ct. at 2372. For the same reasons stated above, the Travel Act Counts, which incorporate by reference the draft bond bill allegation, survive under McDonnell 's holding that "decision or action on a qualifying step" constitutes official action. 136 S.Ct. at 2370 ; see supra.
B. Vagueness Challenge
Senator Oaks has also raised a constitutional vagueness challenge under the Fifth Amendment. See Johnson v. United States, --- U.S. ----, 135 S.Ct. 2551, 2556, 192 L.Ed.2d 569 (2015). His primary concern is that the "implicitly authorized" prong in Thomas, 960 A.2d 666, which reaches conduct "bear[ing] some relation to his official duties,"
*730 Richardson, 492 A.2d at 937, fails to provide the fair notice required by the Constitution.[10] In response, the Government points to this Court's own rejection of the same argument in the Currie case. See United States v. Currie , No. RDB-10-0532, 2011 WL 3439942, at *3-6 (D. Md. Aug. 5, 2011) (citing Thomas v. State , 413 Md. 247, 992 A.2d 423 (2010), in rejecting vagueness challenge to scope of "official duties"). It also argues that the Supreme Court's opinion in McDonnell approves its prior decision in Birdsall holding that official action could be established by "custom." McDonnell, 136 S.Ct. at 2371 (citing Birdsall , 233 U.S. at 230-31, 34 S.Ct. 512 ).
The prior opinions of the Maryland Court of Special Appeals in Thomas and Richardson may stand in some tension with the Supreme Court's recent decision in McDonnell. However, the allegations set forth in Counts Five through Nine do not give rise to a constitutional vagueness challenge in this case.[11] In this case, the Defendant's alleged request for a draft bond bill falls squarely within the core of McDonnell 's proscriptions and was based on the Defendant's exclusive and explicit authority as a member of the Maryland General Assembly. Office of Policy Analysis, Dep't of Legis. Serv., Guidelines for the Submission of Individual Bond Bill Requests to the Maryland General Assembly 3, 6 (Nov. 2015). The post- McDonnell viability of the "implicitly authorized" prong in Thomas, 960 A.2d 666, is not implicated here.
Having addressed both of the Defendant's challenges to Counts Five through Nine, this Court holds that the Defendant's Motion to Dismiss Counts Five through Nine (Travel Act Counts) (ECF No. 57) is DENIED.
CONCLUSION
For the reasons stated above, Defendant's Motion to Dismiss Count Four (ECF No. 58) is DENIED, and Defendant's Motion to Dismiss Counts Five through Nine (ECF No. 57) is also DENIED.
A separate Order follows.

In his Reply, the Defendant also raises the overbreadth and federalism concerns discussed in McDonnell. (Def.'s Reply 17-18.) Again, this Court's interpretation of § 9-201(c) of the Maryland Code is consistent with McDonnell and therefore does not implicate these concerns.

Like in McDonnell , 136 S.Ct. at 2375, this Court can construe and apply the statute so as to avoid a constitutional question. See Broadrick v. Oklahoma , 413 U.S. 601, 608, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973) ("[E]ven if the outermost boundaries of [a statute are] imprecise, any such uncertainty has little relevance ... where appellants' conduct falls squarely within the 'hard core' of the statute's proscriptions.") )